**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LARRY ARNOLD YOUNG,**

        **Petitioner,**

**v.**                                          **Civil Action No. 5:08cv74**
                                                             **(Judge Stamp)**

**D. THOMPSON, C.O. DURANKO**
**and LT. SHAW,**

        **Respondents.**

**PRELIMINARY REVIEW AND REPORT AND RECOMMENDATION**
**RECOMMENDING DISMISSAL OF THE PETITION**

On March 19, 2008, the *pro se* petitioner initiated this case by filing a Motion Pursuant to Title 28 U.S.C. § 2241. The petitioner paid the required $5.00 filing fee on April 17, 2008. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.09, et seq.

**I. The Petition**

In the petition, the petitioner asserts that on August 15 and 17, 2007, he filed administrative grievances against D. Thompson for spitting tobacco juice on the porchs, steps and walkways in the front and back of the Randolph Unit. Since that time, the plaintiff asserts, *inter alia*, that the defendants have searched his locker, had his entire unit "shaken down," falsely disciplined him and improperly placed him in the segregation unit. As relief the plaintiff seeks his release from segregation and an injunction directing the defendants to stop harassing him.

## II.  Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed.  See 28 U.S.C. § 2241.  More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner does not attack the execution of his sentence.  Instead, the plaintiff seeks release from administrative segregation and an injunction to stop the alleged harassment against him.  Clearly, the petitioner's claims should have been raised pursuant to a civil rights complaint.  Id. (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life).  Because a petition for writ of habeas corpus under 28 U.S.C. § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III.  Recommendation

For the foregoing reasons, it is recommended that the petitioner's motion for relief pursuant to 28 U.S.C. § 2241 be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to refile his claims in a civil rights action.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any  objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April _18, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE